**RU HONG MEI, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 03–41168–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Ru Hong Mei, Brooklyn, NY, pro se, for Petitioner.

Stephen P. Fahey, Assistant United States Attorney, for Richard B. Roper, United States Attorney for the Northern District of Texas, Dallas, TX, for Respondent.

PRESENT: B.D. PARKER, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Ru Hong Mei, a native and citizen of China, seeks review of a November 21, 2003 order of the BIA affirming the November 5, 2002 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's motion to rescind the *in absentia* order in his case. *In re Ru Hong Mei,* No. A95 467 615 (BIA Nov. 21, 2003), *aff'g* No. A95 467 615 (Immig. Ct. N.Y. City Nov. 5, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir. 2006) (per curiam); *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The agency abuses its discretion when its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [agency] has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34.

An IJ may order an alien removed *in absentia* if it can be shown by clear, unequivocal and convincing evidence that (1) the alien is removable; (2) the alien had received proper written notice of the time and place of the proceedings and written notice of the consequences of failing to appear; and (3) the alien was not delayed by "exceptional circumstances." 8 C.F.R. § 1003.26(c)(1)-(2), 8 U.S.C. § 1229a(b)(5)(D). Petitioner has conceded both that he is removable and that he was

properly given adequate notice of the proceedings. Petitioner has also failed to show that any circumstance, let alone an "exceptional" one, is responsible for his tardiness. Because all three conditions have been satisfied, the IJ did not err by ordering the Petitioner's removal *in absentia* nor by denying Petitioner's subsequent motion to re-open.

When reviewing a motion to re-open, an IJ must "consider the record as a whole and issue a reasoned opinion." *Romero–Morales v. INS*, 25 F.3d 125, 129 (2d Cir. 1994) (quoting *Anderson v. McElroy*, 953 F.2d 803, 806 (2d Cir.1992)) (alteration omitted). In *Romero–Morales* the IJ was aware that petitioner's papers had been received in a separate office but failed to adjourn the hearing to await receipt of the papers. *Id.* at 127. The IJ then refused to allow petitioner's original counsel the opportunity to explain petitioner's absence from his hearing. *Id.* In light of those events, this Court held that the IJ failed to examine adequately the facts and circumstances surrounding petitioner's absence when the IJ denied Petitioner's motion to rescind a removal order entered *in absentia*. *Id.* at 129.

In the case at hand, the IJ properly considered the record as a whole. Thus, in contrast to *Romero–Morales,* the IJ did *not* fail to examine the particulars in this case. Unlike the petitioner in *Romero–Morales,* Mei had ample opportunity to explain his alleged late arrival for the hearing. At the very least, he could have tendered his explanation with his motion to re-open—something he did not do. There is substantial evidence to support the IJ's conclusion that Petitioner never checked in with the court clerk on the day of his hearing, and he was not present at the time of the final docket call in court at 11:25 a.m. In sum, there is no basis to conclude that the IJ did not properly ex-amine and consider the facts surrounding Mei's failure to appear at his hearing. We find, therefore, that the IJ did not abuse his discretion in denying Petitioner's motion to re-open.

We have considered Petitioner's remaining arguments and find them to be without merit. Accordingly, the petition for review is DENIED. Furthermore, Mei's motion for a stay of removal is denied as moot.